# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ROLAND PRICE.,

        Plaintiff / Petitioner,

    v.                                  Case Nos. 06-C-511, 06-C-512, 06-C-513

DAVID CLARK, et al.,

        Defendants / Respondents.

---

## CONSOLIDATED ORDER

---

Roland Price, who is a pretrial detainee at the House of Corrections in Franklin, Wisconsin, filed three lawsuits in this court. In one case, 06-C-513, he seeks habeas corpus relief, and in the other two he seeks damages and relief from the conditions of his confinement. As to all three cases, he requests leave to proceed without prepayment of costs or fees.

As to his habeas petition, I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. Price's claim is that he was subject to an unreasonable search and seizure, in violation of the Fourth Amendment, and that there is insufficient evidence to support the charges against him. But these are issues that must first be addressed within the context of his state criminal trial, not in a collateral federal habeas proceeding that occurs before

he is even convicted. *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004) (noting duty to fairly present federal claims to the state courts before federal habeas relief is available). Accordingly, I conclude that Price's habeas petition, 06-C-513, must be dismissed.

As to Price's other cases, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Case No. 06-C-511 seeks damages and a remedy for the jail's lack of adequate legal materials. It is well-settled that an allegation of inadequate legal materials is not an abstract constitutional ill but instead must actually impinge upon an inmate's ability to present a legal claim. "Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Thus, Price must establish that the inadequacy of the law library is harming his ability to defend or prosecute a case. Since he has a constitutional right to an attorney at this stage of the proceeding, it is highly doubtful he can make such a showing. A further problem is that Price claims his legal defense is being harmed by lack of access to legal materials. Success in *this* lawsuit, therefore, would call into question the legitimacy of his current state criminal proceedings and his conviction, assuming he is convicted, and that is not a possibility this court can entertain. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

2

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (footnote omitted)).    In other words, a court sitting in the section 1983 context cannot grant relief in such circumstances unless the underlying conviction has been rendered invalid in another court.    Moreover, the same considerations noted in the preceding paragraph apply: to the extent Price's claim implicates his pending criminal case, the state courts must be given the first chance to rule on it.    Accordingly, Case No. 06-C-511 is dismissed.

In Case No. 06-C-512, Price has sued the Sheriff of Milwaukee County, alleging that the jail unconstitutionally restricts Price's ability to visit with his children.    Restrictions on a pretrial detainee's visitation with family could interfere with First Amendment or due process rights, depending on the factual circumstances.  *But see Overton v. Bazzetta,* 539 U.S. 126, 131 (2003) (noting, in prison context, that "freedom of association is among the rights least compatible with incarceration.") At least at this point, I am unable to say Price's claim is without merit.    Thus, because we are merely at the pleading stage, and because the complaint could state a claim for relief, Case No. 06-C-512 will not be dismissed at this time.

As to Price's claim of indigence, my review of his affidavit and his prison account indicates that he does meet the requirements of indigence and will be allowed to proceed without prepayment of costs.  *See* 28 U.S.C. § 1915(b)(1).    Future payments will be collected by his custodian.

Accordingly, **IT IS ORDERED** that Case Nos. 06-C-511 and 06-C-513 are **DISMISSED**.

**IT IS FURTHER ORDERED** that the clerk of court document that this inmate has brought an action (06-C-511) that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted

**IT IS FURTHER ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

3

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed without prepayment of costs is **GRANTED** as to each case. The initial partial filing fee is **WAIVED**, as it appears the plaintiff lacks sufficient funds.

**IT IS FURTHER ORDERED** that the warden of the House of Corrections or his designee shall collect from the plaintiff's jail trust account the $700 balance of the filing fees ($350 for each of the plaintiff's two civil rights cases, 06-C-511 and 06-C-512) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint in Case No. 06-C-512, a waiver of service form and/or the summons, and this order upon the defendant Sheriff pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed in forma pauperis, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendant shall file a responsive pleading to the plaintiff's complaint.

4

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   29th   day of April, 2006.


s/ William C. Griesbach
William C. Griesbach
United States District Judge

5